# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **ENNER ABIGAIL NIETRO GUERRA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No.: 4:14-CV-2470-VEH** |
| ) | |
| **ARTURO FLORES, LOS PINOS MEXICAN RESTAURANT LLC,** ) | |
| d/b/a Mi Casita Mexican Restaurant, ) | |
| and **BLUE TEQUILA LLC,** d/b/a Mi Casita Mexican Restaurant, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Now before the court is an amended motion to dismiss ("the Motion") (doc. 16) by defendants Arturo Flores ("Flores") and Blue Tequila LLC ("Blue Tequila") (jointly "the defendants"). This case arose when plaintiff Enner Abigail Nietro Guerra ("Guerra") filed a complaint claiming violations of the Fair Labor Standards Act, breach of contract, and unjust enrichment against Flores and Los Pinos Mexican Restaurant LLC on December 24, 2014. (Doc. 1). Flores answered on February 17, 2015. (Doc. 8). Also on February 17, 2015, Flores filed a motion to dismiss two counts of Guerra's complaint. (Doc. 9). Guerra filed a response in opposition to the motion to dismiss (doc. 10) on March 3, 2015, to which Flores replied on March 9,

2015 (doc. 11).

On March 10, 2015, Guerra amended his complaint to add Blue Tequila as a defendant. (Doc. 12).[1] Blue Tequila filed an answer to the amended complaint on April 3, 2015. (Doc. 15). Also on April 3, 2015, Flores and Blue Tequila filed this current motion to dismiss (doc. 16), which incorporates all the arguments of Flores's previous motion to dismiss (doc. 9) and reply brief (doc. 11). Guerra filed a new response in opposition (doc. 17) on April 17, 2015, that incorporates in total his previous response (doc. 10). Therefore, the Motion is now under submission.

I.     STANDARD OF REVIEW

Generally, the Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). However, to survive a motion to dismiss brought under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*").

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

---

[1] In light of the filing of an amended complaint, the defendants' previous motion to dismiss (doc. 9) was found moot on June 17, 2015. (Doc. 26).

550 U.S. at 556) ("*Iqbal*").  That is, the complaint must include enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation and footnote omitted).  Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557 (citation omitted).

Once a claim has been stated adequately, however, "it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563 (citation omitted). Further, when ruling on a motion to dismiss, a court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citing *Glover v. Liggett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006)).

**II.   ANALYSIS**

In the Motion, the defendants seek to dismiss Count Three and Count Four of Guerra's complaint, which claim, respectively, breach of contract and unjust enrichment. Both claims stem from the same set of factual allegations. According to the complaint, Guerra, who was employed by Flores, entered into a contract with Flores in July, 2013, whereby Flores sold Guerra a car for $12,000, the price of which was to be paid in installments deducted from Guerra's biweekly pay. (Doc. 12 at 4-5).

After around ten months of this arrangement, during which Guerra had possession of the car and had at total of $8,110.00 deducted from his pay toward the price of the car, Guerra was dismissed from his job in May, 2014. (*Id*. at 5). Following the dismissal, Flores demanded that Guerra return the car and did not return any of the money that had been deducted from Guerra's pay. (*Id*.). This car allegedly remains in Flores's possession. (*Id*. at 6).

### A.   The Breach Of Contract Claim Is Not Due To Be Dismissed

As grounds for dismissal of Guerra's breach of contract claim (Count Three), the defendants argue that Guerra "did not perform under the agreement between himself and Mr. Flores" because he only paid $8,110.00 of the $12,000 asking price. (Doc. 9 at 1). Because Guerra did not pay the entire agreed-upon price, "[t]he contract was therefore not completed" and Guerra "cannot demand performance from Mr. Flores when Plaintiff, himself, did not perform." (*Id.* at 2). The court takes the defendants to be arguing that, according to the complaint, Guerra has not performed under the contract, and thus fails to satisfy the second element of a breach of contract claim. *See Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009) ("The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; <u>(2) the plaintiffs' performance under the contract</u>; (3) the defendant's nonperformance; and (4) resulting damages.") (emphasis added).

In his response, Guerra correctly identifies the problem with this argument. According to basic contract law, "Once a party to a contract repudiates the agreement, the other party is excused from further performance." *Shirley v. Lin*, 548 So. 2d 1329, 1334 (Ala. 1989). In this case, the facts as alleged in the complaint make out a plausible claim that Flores was the first to breach the contract when he demanded that the car be returned.[2] Guerra only ceased making payments following Flores's breach, and at this point he was no longer obligated to continue to make payments. The defendants' argument on this point is without merit, and so the Motion is due to be denied as to Guerra's breach of contract claim (Count Three).

### B.   The Unjust Enrichment Claim Is Due To Be Dismissed

As to Guerra's unjust enrichment claim (Count Four), the defendants argue that "the existence of an express agreement between the parties generally bars recovery under a theory of quasi-contract/unjust enrichment." (Doc. 11 at 2). This argument is, in this case at least, correct. According to the Alabama Supreme Court, "claims of both an express and an implied contract on the same subject matter are generally incompatible. . . . [W]here an express contract exists between two parties, the law

---

[2] In their reply brief, the defendants dispute these factual allegations, claiming that Mr. Guerra was the first to breach the contract by failing to make payments after he was fired. (Doc. 11 at 1-2). However, when ruling on a motion to dismiss, the court does not decide disputes of facts. Instead, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage*, 516 F.3d at 1284 (emphasis added).

generally will not recognize an implied contract regarding the same subject matter." *Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996). As another court explained, "If the parties' dealings are covered by an express agreement, then there is no need to imply an agreement between them to ward off inequitable results." *White v. Microsoft Corp.*, 454 F. Supp. 2d 1118, 1133 (S.D. Ala. 2006)

In *Kennedy*, the court recognized an exception to this general rule: where <u>existence</u> of the contract is in dispute, the plaintiff can proceed with both a breach of contract claim and a quasi-contract claim. *See* 682 So. 2d at 447 (distinguishing this case from the general rule and allowing both claims to proceed because "the existence of an express contract . . . was highly disputed and remained a question of fact, as did the alternative existence of an implied contract"). In the present case, however, the defendants admit in their answer that a contract existed. (Doc. 15 at 2, stating "Defendant admits an agreement existed between he and the Plaintiff related to the purchase of a vehicle and that, by agreement, certain monies were deducted from Plaintiff's paycheck(s) for payment thereof;" *see also* Motion to Dismiss, Doc. 16 at 1, stating "Plaintiff admittedly failed to perform under the parties' agreement). Therefore, Count Four — Guerra's claim for quasi-contract/ unjust enrichment — is due to be dismissed.

### III.   CONCLUSION

For the foregoing reasons, the Motion is due to be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is to be **GRANTED** as to Count Four of the Amended Complaint, and it is **DISMISSED**. The Motion is **DENIED** as to Count Three of the Amended Complaint.

**DONE** and **ORDERED** this the 19th day of June, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge