FILED
2015 Oct-16  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **ENNER ABIGAIL NIETO GUERRA,** | ) |
| | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:14-CV-2470-VEH** |
| | ) |
| **ARTURO FLORES  and BLUE** | ) |
| **TEQUILA LLC, d/b/a Mi Casita** | ) |
| **Mexican Restaurant,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| | ) |

---

## MEMORANDUM OPINION AND ORDER

Before the court is a joint motion by Plaintiff Enner Guerra and Defendants Arturo Flores and Blue Tequila LLC ("Parties") to settle the above-styled case, an action under the Fair Labor Standards Act ("FLSA"). The settlement agreement was submitted to the court *in camera*. Because an undisclosed FLSA settlement is presumptively unreasonable, the motion is **DENIED.**

## I. Procedural Background

Plaintiff Enner Abigial Nieto Guerra ("Guerra") brought this action against Defendants Arturo Flores ("Flores") and Los Pinos Mexican Restaurant LLC d/b/a Mi Casita Mexican Restaurant ("Los Pinos") for overtime violations under 29 U.S.C. § 207

and minimum wage violations under 29 U.S.C. § 206. (Doc. 1 ¶¶ 21, 28). Guerra also brought claims under Alabama law for breach of contract and unjust enrichment. (Doc. 1 ¶¶ 35, 41). On March 10, 2015, Guerra amended his complaint to include Blue Tequila LLC ("Blue Tequila") as a defendant. (Doc 12). Flores and Blue Tequila moved to dismiss the Alabama claims against them on April 3, 2015. (Doc. 16). The court dismissed Guerra's unjust enrichment claim, but not the contract claim. (Doc. 27). On May 29, 2015, Blue Tequila and Flores filed counterclaims against Guerra for slander and intentional interference with business relationships. (Doc. 25 ¶¶ 13, 21). Guerra voluntarily dismissed Los Pinos as a defendant on August 31, 2015, doc. 30, and the court entered an order of pro tanto dismissal on September 9, 2015. (Doc. 31).

The parties now wish to settle. As required by *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013), which applied *Lynn's Food Stores v. United States* to claims by employees against their former employers, the parties submitted their proposed settlement to the court for approval on September 22, 2015. The parties also requested that the settlement be sealed, doc. 32, and the court denied the motion. (Doc. 33). The parties have moved again for approval of their proposed settlement, this time by submitting the settlement agreement *in camera*. (Doc. 34).

2

## II. Discussion

### A. The Fair Labor Standards Act

The Fair Labor Standards Act, passed in 1938, establishes uniform national wage and hour standards. *See* 29 U.S.C. §§ 206 & 207. When an employer fails to pay an employee in conformity with the act, she may be sued for what amounts to double the balance owed—back pay plus "liquidated damages" in an amount equal to the unpaid wages. 29 U.S.C. § 216(b). The employee's rights under the Act are mandatory, or so they are often called, *see D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 115–116 (1946), but a better word is inalienable. Even if he truly wants to, no employee can give away his FLSA rights. *See Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citation omitted) ("FLSA rights cannot be modified by contract or otherwise waived.").

The FLSA "is designed to prevent consenting adults from transacting about minimum wages and overtime pay," *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986), because Congress found the bargaining power between employees and employers so unbalanced as to invariably give rise to exploitation. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Thus, "federal compulsory legislation [prevents] private contracts" between workers and employers in derogation the wage-hour laws. *Id.*

3

The Supreme Court extended this prohibition on ex ante contracts to settlements of FLSA actions in two cases, *Brooklyn Savings Bank v. O'Neil* and *D.A. Schulte v. Gangi*. In *O'Neil*, it concluded that a plaintiff cannot alienate his right to liquidated damages, so a waiver of rights under the FLSA was void where only back pay, but not the liquidated damages, were paid. 324 U.S. at 709–10.  In *Gangi*, the Court held that FLSA rights may not be alienated on account of a dispute about whether the employer was covered by the Act.[1]  328 U.S. at 114. The logic underlying *O'Neil* and *Gangi* was the insight that "once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay." *Walton*, 786 F.2d at 306. "Otherwise, the parties' ability to settle disputes would allow them to establish sub-minimum wages." *Id.*

The results in *O'Neil* and *Gangi* placed the policy of the FLSA in substantial tension with the well-worn judicial policy of settlement promotion. *See Gangi*, 328 U.S. at 122 (Frankfurter, J., dissenting). In response to the Court's circumscription of parties' capacity to settle FLSA claims, Congress added to the Act a provision allowing the

---

[1]  The *Gangi* Court explicitly left open whether a dispute over the number of hours worked could be settled. 328 U.S. at 114–15. The Eleventh Circuit implicitly resolved this issue in *Lynn's Food*, *infra* at 5, when it held that court approval was required for *all* settlements under the FLSA. Most of the other Courts of Appeals to consider the issue have endorsed or adopted *Lynn's Food*. *See, e.g., Seminiano v. Xyris Enterprise, Inc.*, 602 F. App'x 682, 683 (9th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008); *Taylor v. Progress Energy, Inc.,* 493 F.3d 454, 459–60 (4th Cir. 2007) (superseded on other grounds); *O'Connor v. United States,* 308 F.3d 1233, 1243 (Fed. Cir. 2002); *Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986).  *But see Bodie v. TXL Mortg. Corp.*, 788 F.3d 159, 161 (5th Cir. 2015).

settlement of claims under the supervision of the Department of Labor. *See generally Martinez v. Bohls Bearing Equipment Co.*, 361 F. Supp. 2d 608 (W.D. Tex. 2005) (containing a detailed history of the law governing FLSA settlements). Additionally, the Eleventh Circuit authorized settlement of pending FLSA actions, so long as the trial court approved the agreement as fair, in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). Reasoning that an active lawsuit assured adequate protection of employee rights through the adversarial process, the Eleventh Circuit determined that a district court approved settlement would satisfy both the policy of the FLSA and the policy of encouraging settlement. *Id.* at 1354.

### B. Settlement under *Lynn's Food*

As the law stands now, an action under 29 U.S.C. §§ 206, 207, or 215(a)(3) can only be settled by taking one of two routes. *Lynn's Food*, 679 F.2d at 1352. Route one, via statute, is 29 U.S.C. § 216(c), which allows the Department of Labor to supervise a compromise resolution of FLSA actions. The second, judicially-created[2] route allows a district judge presiding over "a suit[] brought directly by employees against their employer under [29 U.S.C. § 216(b)]," *Lynn's Food*, 679 F.2d at 1353, to approve a proposed settlement and enter a stipulated judgment *only* after "scrutiniz[ing] the

---

[2]  *See Barnhill v. Fred Stark Estate*, No. 15 Civ. 3360 (BMC), 2015 WL 5680145, at *1 (E.D.N.Y. Sept. 24, 2015) ("Notwithstanding the absence of any express reservation in the FLSA, the FLSA [...] limits the parties' rights to stipulate to the dismissal of their action.").

proposed settlement for fairness to the plaintiff employees." *Briggins v. Elwood TRI, Inc.*, 3 F. Supp. 3d 1277, 1284 (N.D. Ala. 2014) (citing *Lynn's Food*, 679 F.2d at 1353).[3] Put more directly, unless the FLSA settlement is approved by the Department of Labor or a trial judge, it is no good. *See Nall*, 723 F.3d at 1308. Only the second route, a *Lynn* settlement, is at issue here.

A *Lynn* settlement must be: 1) entered "in a suit brought by the employees under the FLSA," 2) "a stipulated judgment," and 3) "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Whether the first requirement is satisfied in a case requires no elaboration; either a lawsuit was filed, or it was not. As to the second requirement, the phrase "stipulated judgment" is capacious; it is not simply a reference to Rule 41. Indeed, a "stipulated judgment" need not take any particular form, *Rakip v. Paradise Awnings Corp.*, 514 F. App'x 917, 919 (11th Cir. 2013), other than it must be unopposed. *Nall*, 723 F.3d 1308. It simply means that the district court must take an active role in approving the settlement agreement. *Rakip,* 514 F. App'x at 920.

The reasonableness factor is by far the murkiest. *See Briggins*, 3 F. Supp. 3d at 1284–85 ("Although *Lynn's Food* requires a court to scrutinize a proposed settlement for fairness, it does not describe the factors a court should use in doing so."). Happily,

_____

[3] There does not appear to be a commonly used shorthand for this latter route, so the court will call it a *Lynn* settlement.

the precise contours of the reasonableness requirement need not be divined here; the narrow issue raised by the parties' motion in this case is whether, as a general matter, it is "fair and reasonable" for a *Lynn* settlement to be off the public record. The answer is no.

### C. A "[F]air and [R]easonable" Settlement is Public Record by Default

Confidentiality clauses in FLSA settlements, attempts to seal the agreement, and requests for *in camera* approval are analyzed identically. *See, e.g., Murphy v. Dolgencorp, Inc.*, Nos. 1:09cv7, 1:09cv14, 2010 WL 3766946, at *1 (W.D.Va. Sept. 21, 2010) ("In camera inspection of such essential evidence in these circumstances is the functional equivalent of a filing under seal.") (not italicized in original); *Bartelloni v. DeCastro*, No. 05-80910-CIV, 2007 WL 2155646, at *1 (S.D. Fla. July 26, 2007). The Eleventh Circuit has declined to determine categorically whether confidentiality provisions are fair and reasonable, noting only that district courts have discretion in approving settlements, and that the determination is fact-intensive. *Rodrigues v. CNP of Sanctuary, LLC*, 523 F. App'x 628, 629 (11th Cir. 2013).

A number of district courts, including this one, have concluded that filing under seal, seeking approval *in camera*, and confidentiality agreements are generally inconsistent with the FLSA. *See, e.g., Burroughs v. Honda Mfg. Ala., LLC*, No. 1:08-CV-1239-VEH, slip op. at 3–4 (N.D. Ala. Mar. 10, 2014) (Hopkins, J.); *Lopez v. Nights*

7

*of Cabiria, LLC*, --F. Supp. 3d.-- 2015 WL 1455689 (S.D.N.Y. Mar. 30, 2015); *Baker v. Dolgencorp*, 818 F. Supp. 2d 940, 943 (E.D.Va. 2011); *Dees v. Hydrardy*, 706 F. Supp. 2d 1227, 1245–46 (M.D. Fla. 2010); *Tran v. Thai*, No. H-08-3650, 2009 WL 2477653, at *1 (S.D. Tex. Aug. 12, 2009); *Hanson v. Wells Fargo Bank, N.A.*, No. 08-80182-Civ, 2009 WL 1490582, at *1 (S.D. Fla. May 26, 2009); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263–64 (M.D. Ala. 2003).

Non-public FLSA settlements are not fair and reasonable because the rights secured by the FLSA have a public-private character, and because *Lynn* settlements are judicial records subject to the common law right of public access. In *O'Neil*, the Court explained that the rights established under the FLSA accrue both to private individuals and to society as a whole; Congress established minimum wages and maximum work hours to promote the "national health and well-being and the free flow of goods in interstate commerce." 324 U.S. at 706–07. *Cf. Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 45 (1974) ("[T]he private litigant not only redresses his own injury but also vindicates [...] important congressional policy."). "The sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger 'the national health and well-being.'" *Stalnaker*, 293 F. Supp. 2d at 1264 (quoting *O'Neil*, 324 U.S. at 707).

8

"The common-law right of access 'establish[es] a general presumption that criminal and civil actions should be conducted publicly.'" *F.T.C. v. AbbVie Products, LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). Further, the public presumptively has access to judicial records. *Chi. Tribune*, 263 F.3d at 1311. A precise definition of "judicial records" is elusive, *see Nixon v. Warner Communications*, 435 U.S. 589, 598–99 (1978), but the Eleventh Circuit has tacitly endorsed the Second Circuit's view that the weight of the presumption is a function of how a particular document is used. *See Chi. Tribune*, 263 F.3d at 1311 n. 7 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The range of uses was described as thus: "[I]nformation will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo*, 71 F.3d at 1049. Relevant here, "[a]n adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny. *Id.* (citation omitted).

A *Lynn* settlement, requiring judicial approval, is a judgment that disposes of an action and is entitled to preclusive effect. *See Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).[4] The presumption of public access to a *Lynn*

---

[4] Decisions of the Fifth Circuit handed down prior September 30, 1981, are binding on the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

settlement is therefore quite strong. "And the presumption is surely most strong when the 'right' at issue is of a 'private-public character,' as the Supreme Court has described employee rights under the FLSA." *Stalnaker*, 293 F. Supp. 2d at 1264 (citation omitted). Further, the fundamental of premise of *Lynn's Food* is that an unbiased intermediary is required to prevent employers from using their superior bargaining power to exploit workers; public scrutiny of the settlement process serves the salutary function of assuring citizens that employers who flout the FLSA are indeed held to task.

## III. Conclusion

For these reasons, a "fair and reasonable" *Lynn* settlement must be on public record, absent an exceptional showing by the parties. As no such showing has been made here, the proposed settlement agreement must be entered into the record, pursuant to the default rule of public access. The motion is **DENIED**.

**DONE** and **ORDERED** this 16th day of October, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge